**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>2014 FORD F450 XLT, LICENSE PLATE: 11855L1; VIN: 1FD0X4GT3EEB09948,<br><br>Defendant. | No. 1:16-cv-01884-LJO-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S *EX PARTE APPLICATION* FOR DEFAULT JUDGMENT AND FINAL JUDGMENT OF FORFEITURE**<br><br>(Doc. 12)<br><br>FOURTEEN-DAY DEADLINE |

In this civil forfeiture action, Plaintiff United States of America ("Government" or "Plaintiff") moves for entry of default judgment against the interests of Gerardo Zamora in a 2014 Ford F450 XLT, License Plate: 11855L1; VIN: 1FD0X4GT3EEB09948 ("Defendant Vehicle") and entry of a final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Vehicle. No opposition to the Government's motion was filed, and the Court took the matter under submission pursuant to Local Rule 230(g).

For the reasons set forth below, the Court RECOMMENDS that the Government's application for default judgment and for final judgment of forfeiture be GRANTED.

///

///

///

**FACTUAL BACKGROUND**

This is a civil action *in rem* to forfeit to the Government a 2014 Ford F450 XLT, License Plate Number 11855L1, VIN: 1FD0X4GT3EEB09948 ("Defendant Vehicle") pursuant to 21 U.S.C. § 881(a)(4).[1] The Defendant Vehicle was seized on June 24, 2016, in Exeter, California.

On June 24, 2016, at about 12:40 p.m., detectives with the Tulare County Sheriff's Office ("TCSO") conducted a traffic stop of the Defendant Vehicle at Yokohl Drive in Exeter, California for failure to stop at a stop sign in violation of California Vehicle Code § 22450(a). The driver made a sharp yield onto the right dirt shoulder of the road and exited the Defendant Vehicle. The driver was instructed to re-enter his vehicle. The driver returned to his vehicle but left the driver-side door open.

As law enforcement approached the Defendant Vehicle, the detective smelled the overwhelming odor of marijuana that emitted from the vehicle. The driver of the vehicle was contacted and identified as Gerardo Zamora ("Zamora"), who was also the Defendant Vehicle's registered owner. Zamora was instructed to exit his vehicle. Zamora was asked whether he had any weapons on his person or anything illegal in his vehicle. Zamora responded that he had 100 pounds of weed in his truck and that it was located in the utility compartments from the bed of the Defendant Vehicle. Zamora was detained and placed in the backseat of a marked patrol vehicle, and later transported to TCSO headquarters to be interviewed.

Detectives obtained and executed a state search warrant for the Defendant Vehicle. Law enforcement located 111 pounds of packaged, processed marijuana in the Defendant Vehicle. The individual packages were weighed at approximately one pound each.

At the TCSO, Zamora was read his Miranda rights and interviewed. When asked whether he understood his rights, Zamora stated, "Yes, I do." He then went on to make statements admitting to knowingly transporting the marijuana found in the Defendant Vehicle. When asked why he would involve himself with the transportation of marijuana, Zamora stated that he believed what he was doing was legal and that he needed the extra money. Zamora stated that he expected to be paid $25.00 per pound of marijuana transported, for a total of about $2,775.00.

---

[1] The factual background is stated as alleged in the Government's verified complaint. (Doc. 1.)

Zamora was arrested and booked on state criminal charges for violation of California Health & Safety Code §§ 11360 and 11359 – Transportation, Importation, or Sale, of Marijuana and Possession of Marijuana for Sale. Law enforcement seized the Defendant Vehicle.

## PROCEDURAL BACKGROUND

On December 19, 2016, the Government filed its complaint for forfeiture *in rem*, alleging that the Defendant Vehicle was subject to forfeiture to the Government under 21 U.S.C. § 881(a)(4) because it constitutes property used, or intended to be used, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substance or listed chemical in violation of 21 U.S.C. § 841, *et seq*. On January 3, 2017, based on the allegations of the complaint, the Clerk of the Court issued a Warrant for Arrest of Articles In Rem for the Defendant Vehicle. (Doc. 3.) The warrant was executed on January 11, 2017. (Doc. 4.)

According to the Government's Declaration of Publication, a Notice of Civil Forfeiture was published on the official government internet site (www.forfeiture.gov) for thirty days beginning on December 31, 2016. (Doc. 5.)

On January 3, 2017, Gerardo Zamora was served with notice of this action by first class and certified mail at his last known business address of Anchor Construction, 1012 E. Clinton Avenue, Fresno, California 93704-5630. The certified mail parcel was returned to the U.S. Attorney's Office marked as "UNCLAIMED." (Doc. 8-1, Declaration of Elise Rodriguez ("Rodriquez Decl.") at ¶ 5 and Ex. A.)

On January 3, 2017, Gerardo Zamora also was served with notice of this action by first class and certified mail at an additional known business address of 1825 W. Clayton Avenue, Fresno, California 93706. The certified mail parcel was marked "Return to Sender/No Such Number/Unable to Forward" and returned to the U.S. Attorney's Office. (Doc. 8-1, Rodriguez Decl. at ¶ 6 and Ex. B.)

Additionally, on January 3, 2017, Gerardo Zamora was served with notice of this action by first class and certified mail at an additional known business address of 1823 E. Clayton Avenue, Fresno, California 93725-9509. The PS Form 3811 (Domestic Return Receipt) was signed by Taleen Megerdichian. (Doc. 8-1, Rodriguez Decl. at ¶ 7 and Ex. C.)

No claims have been filed by or on behalf of Gerardo Zamora, and on April 6, 2017, the Clerk of the Court entered default against Gerardo Zamora. (Doc. 9.) The Government now seeks default judgment against Gerardo Zamora and the entry of a final judgment of forfeiture vesting all right, title and interest in the Defendant Vehicle to the Government.

**DISCUSSION**

As indicated, the Government applies *ex parte* for the entry of default judgment against the interests of the Gerardo Zamora. The Government further applies for the entry of a final judgment of forfeiture to vest in the Government all right, title and interest in the Defendant Vehicle.

**A. Sufficiency of the Complaint**

The Government contends that the allegations set forth in the Verified Complaint for Forfeiture In Rem and the facts cited "provide ample grounds" for forfeiture of the Defendant Vehicle. (Doc. 12 at p. 5.) A complaint's sufficiency is a factor to consider when deciding whether to grant default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Property is subject to forfeiture if it was used, or was intended to be used, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance or listed chemical in violation of 21 U.S.C. § 841, *et seq.* 21 U.S.C.§ 881(a)(4). The Government's verified complaint alleges that the Defendant Vehicle constitutes property used, or intended to be used, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance or listed chemical, in violation of 21 U.S.C. § 841, *et seq.*

The complaint meets the requirements of Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, in that it is verified; states the grounds for subject matter jurisdiction, in rem jurisdiction, and venue; describes the property seized and the circumstance of its seizure; and identifies the relevant statutes. As alleged, the facts set forth a sufficient connection between the Defendant Vehicle and its use to facilitate the transportation of marijuana for sale. Further, Gerardo Zamora, the registered owner of the Defendant Vehicle, admitted to transporting marijuana in exchange for money. (Doc. 1 at ¶¶ 7-10.)

///

///

## II. Notice Requirements

The Fifth Amendment's Due Process Clause prohibits the Government from deprivation of property without "due process of law." Individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48, 114 S. Ct. 492 (1993). The Government contends that it provided required notice for the forfeiture of the Defendant Currency.

### A. Notice by Publication

Supplemental Rule G(4) sets forth the rules for publication of the notice of action in federal forfeiture proceedings. Rule G(4)(a)(iv)(C) provides that in lieu of newspaper publication, the Government may publish notice by "posting a notice on an official internet government forfeiture site for at least 30 consecutive days."

Here, publication occurred on the official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days beginning on December 31, 2016. The Government filed its Declaration of Publication on February 1, 2017. (Doc. 5.)

### B. Personal Notice

When the Government knows the identity of the property owner, due process requires "the Government to make a greater effort to give him notice than otherwise would be mandated" by publication. *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998). In such cases, the Government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action. *Dusenbery v. United States*, 534 U.S. 161, 168 (2002) (quotations omitted). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

Supplemental Rule G(4)(b)(iii)(A) mirrors this requirement, providing for notice to be "sent by means reasonably calculated to reach the potential claimant." Additionally, this Court's Local Rule 540 addresses notice to persons known to have an interest in property subject to forfeiture. The rule requires that a party seeking default judgment in an action in rem to show to the Court's satisfaction

that due notice of the action and arrest of the property has been given by: (1) publication; (2) by personal service on the person having custody of the property; (3) if the property is in the hands of a law enforcement officer, by personal service on the person having custody prior to its possession by a law enforcement agency or officer; and (4) by personal service or certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success. Local Rule 540(a).

In this case, the Government attempted to serve the potential claimant with actual notice by first class mail and certified mail, return receipt requested, as follows:

On January 3, 2017, Gerardo Zamora was served with notice of this action by first class and certified mail at his last known business address of Anchor Construction, 1012 E. Clinton Avenue, Fresno, California 93704-5630. The certified mail parcel was returned to the U.S. Attorney's Office marked as "UNCLAIMED." (Doc. 8-1, Rodriquez Decl.at ¶ 5 and Ex. A).

On January 3, 2017, Gerardo Zamora also was served with notice of this action by first class and certified mail at an additional known business address of 1825 W. Clayton Avenue, Fresno, California 93706. The certified mail parcel was marked "Return to Sender/No Such Number/Unable to Forward" and returned to the U.S. Attorney's Office. (Doc. 8-1, Rodriguez Decl. at ¶ 6 and Ex. B.)

Additionally, on January 3, 2017, Gerardo Zamora was served with notice of this action by first class and certified mail at an additional known business address of 1823 E. Clayton Avenue, Fresno, California 93725-9509. The PS Form 3811 (Domestic Return Receipt) was signed by Taleen Megerdichian.[2] (Doc. 8-1, Rodriguez Decl. at ¶ 7 and Ex. C.)

The Court finds no notice issues arise as to the Defendant Vehicle's forfeiture.

**C.     Failure to File Claim or Answer**

Supplemental Rule G(5) requires any person who asserts an interest in or right against the Defendant Currency to file a claim with the Court within 35 days after service of the Government's

---

[2] Gerardo Zamora received actual notice of this action because he reportedly contacted the U.S. Attorney's Office on more than one occasion seeking additional time to file a claim and answer. Despite being granted extensions of time, Gerardo Zamora did not file a timely claim or answer. (Doc. 8-1, Rodriguez Decl. at ¶¶ 8-12 and Exs. D and E.)

6

complaint or 60 days after the first day of publication on an official internet government forfeiture site. Supplemental R. G(4)(b) & (5). Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to the forfeiture action. *Real Property*, 135 F.3d at 1317.

There have been no claims filed by or on behalf of Gerardo Zamora with respect to this action. The Clerk of Court properly entered default against Gerardo Zamora on April 6, 2017. (Doc. 9.)

**D.     Default Judgment**

The Government seeks judgment against the interest of Gerardo Zamora and final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Vehicle.

Federal Rule of Civil Procedure 55 provides that a court has discretion to enter default judgment against a party after the clerk has entered the party's default. In considering whether to enter default judgment, the court considers the following factors: (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *See Eitel*, 782 F.2d at 1471-72.

Here, the *Eitel* factors favor the granting of the Government's ex parte application for default judgment. First, the Government would be prejudiced by the denial of its motion because the Government would otherwise have to expend additional time and effort litigating an action in which the potential claimant has failed to appear. Second, the Government's claims appear to have merit. Third, as discussed above, the Government has adhered to the procedural requirements of a forfeiture action, including the filing of a sufficient complaint. Fourth, the sum of money or value of the Defendant Vehicle in dispute here is not substantial enough to warrant the denial of the Government's motion. Fifth, there are no genuine disputes as to any material fact. Sixth, it does not appear that the failure of any claimant to answer is due to excusable neglect. And finally, although it is always preferable to decide a case on its merits, it is not practicable here where no claimant has appeared to oppose the Government's motion for entry of default judgment.

///

**CONCLUSION AND RECOMMENDATION**

For the reasons discussed above, it is HEREBY RECOMMENDED as follows:

1. The Government's application for default judgment and final judgment of forfeiture be GRANTED; and

2. Default judgment be ENTERED against the interest of Gerardo Zamora in the Defendant Vehicle; and

3. Final Judgment of Forfeiture be ENTERED vesting in the United States of America all right, title, and interest in the Defendant Vehicle.

These findings and recommendations are submitted to the United States District Judge assigned to the case, under 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 304 of the Local Rules of the United States District Court for the Eastern District of California. Within **fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be titled "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 11, 2017**            /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE